George B. Stitzel et al., Appellees, v. Loren B. Miller, Adm'r., Appellant.

Gen. No. 5328.

1. NEGOTIABLE INSTRUMENTS—*sections 2 and 3 of Act of 1895 construed.* Held, that these statutory provisions do not authorize a joint suit against a living person liable upon a note and against the administrator of a deceased person who is likewise liable thereon, for the reason that the statute intends but one judgment if all should defend and be defeated; and a single judgment could not be rendered in such a case.

2. PLEADING—*when motion in arrest should be sustained.* If a misjoinder of defendants appears upon the face of a declaration, a motion in arrest should be sustained.

3. APPEALS AND ERRORS—*when ruling upon motion in arrest not preserved.* Unless error is assigned thereon, a ruling upon a motion in arrest is not preserved for review.

4. EVIDENCE—*when proof of conviction of infamous crime not competent.* It is only as impeaching testimony that proof of conviction of an infamous crime is competent.

5. EVIDENCE—*what incompetent upon question of genuineness of signature.* Proof of the financial responsibility of the plaintiff and of the financial responsibility of the maker of a note claimed to be a forgery are alike incompetent upon such question.

6. EVIDENCE—*when admission of heir not binding upon co-heirs.* The silence or admission of one heir at law is not competent to bind his co-heirs even though he be the administrator of the estate in question, no express agency being shown.

7. INSTRUCTIONS—*when modification as to duty of jury if the evidence is evenly balanced, erroneous.* In an action upon a promissory note, the defense being that the note was a forgery, it is error to instruct the jury that if they find the evidence to be evenly balanced the verdict *might* be for the defendant. The defendant having filed with his plea of general issue an affidavit denying execution, the burden of proof was upon the plaintiff to establish such execution, and the instruction should have been, if the jury found the evidence evenly balanced their verdict *should* be for the defendant.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

TRUSDELL, SMITH & LEECH, for appellants.

H. A. BROOKS, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action brought on December 18, 1908, in the circuit court of Lee county by George B. Stitzel and C. C. Brooks, the appellees, against Loren B. Miller, administrator of the estate of D. C. Miller, deceased, the appellant, and La Fayette Miller, upon a promissory note for the sum of $4,500 with interest at the rate of six per cent per annum, dated February 22, 1908, payable six months after date to the order of Harrison Miller, purporting to be executed by La Fayette Miller and D. C. Miller, and indorsed in blank by Harrison Miller and by him sold and delivered to ap-

pellees. With the exception of La Fayette Miller, the parties are the same as in Gen. No. 5,327, Stitzel v. Miller, *ante,* p. 390, and the note is upon the same printed blank as the note in that case, and this is the note for $4,500 referred to in our opinion in that case. LaFayette Miller was defaulted. The administrator filed a like demurrer, which was overruled, and a like plea with an affidavit denying the execution of the note by D. C. Miller. There was a trial as between appellees and appellant and a verdict for appellees in the sum of $4,953. Motions by appellant for a new trial and in arrest of judgment were denied. Two judgments were entered for the same amount, one against La Fayette Miller with execution, and one against the appellant to be paid in due course of administration. The questions as to the negotiability of the instrument, and as to the admissibility of evidence as to the genuineness of the signature of D. C. Miller by comparison with other instruments, are substantially the same as in Gen. No. 5,327 and we refer to that opinion for the decision of those questions.

At common law one suit could not be maintained against a living maker and the administrator of a deceased maker of a promissory note, because a single judgment could not be entered against them, as the judgment against the living maker must award execution and be absolute, while the judgment against the administrator could only be for payment in due course of administration with the other creditors of the deceased maker. If this judgment can be sustained it must be under sections 2 and 3 of the Act of 1895, amending section 7 of the Act of 1874 in regard to Negotiable Instruments. That statute provides that persons severally liable upon promissory notes may be included in the same suit at the option of the plaintiff, and section 3 provides that, on default of one such defendant, judgment may be entered against him and the suit shall thereby be severed, and shall proceed against the remaining defendant or defendants as if commenced against him or them only, and another judgment may be entered against him or them. Section 3 of said Act was intended to permit one suit against all parties

liable upon a promissory note, though the grounds of their liability might be unlike, as, against the maker upon the contract contained upon the face of the note, against a guarantor upon his contract of guaranty written upon the back of the note, and against the several indorsers upon the contracts written by them or by the law over their several signatures upon the back of the note. We are of opinion, however, that that section cannot fairly be construed to authorize such a suit jointly against those who could not be included in one judgment if all should defend and be defeated. We do not think it was intended that such a joint suit could be maintained against a living person so liable on the note and against the administrator of a deceased person, who was liable on the note, for the reason that the statute intends but one judgment if all should defend and be defeated; and a single judgment could not be rendered in such a case. Moreover, it would not be practicable to try the issues in such a case together, for the plaintiff would be a competent witness against the living signer but not against the administrator of the deceased signer. True, in the case before us, the living maker was defaulted, and the plaintiff could have had a judgment against him and could thereby have severed the action, though he did not do so. Yet the living maker might have defended, and then the suit could not have been maintained. The right to bring such suit against an administrator and a living signer jointly cannot be made to depend upon the subsequent action of the several defendants in defending or failing to defend. Therefore we conclude that this case is not sustainable under said section 3. No one appealed from the judgment against Harrison Miller, and no assignment of error questions it, and its validity is not before us; but we hold that the judgment against the administrator cannot stand, because rendered in a suit not authorized by the statute. "If too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error." 1 Chitty Pl. 44. This misjoinder of defendants appeared upon the face of the declaration. Appellant moved

in arrest of judgment, that motion was denied and he excepted, but he has not assigned for error that action of the court. It is doubtful whether that defect can be presented under the assignment that the court erred in rendering judgment. But as the judgment must be reversed for other reasons we deemed it our duty to discuss this question for the benefit of the parties upon another trial.

Appellant contends that the court erred in refusing to permit him to prove that La Fayette Miller had been convicted of grand larceny. He was not a witness and it is only as impeaching testimony that the proposed evidence could be competent. It is contended that the court erred in refusing to permit appellant to prove the financial responsibility of La Fayette Miller and D. C. Miller respectively. As to La Fayette Miller, the only question asked was whether, at the time of the trial, he was a man of any financial responsibility, and it is manifest that that inquiry was improper. As to D. C. Miller, the offer was to prove that at the time of his death and prior to the date of the note sued on, he owned $36,000 worth of unencumbered real estate in Lee county. We fail to see how that would tend to show that his signature to this note for $4,500 was a forgery. Men may own much real estate and yet find it necessary to give promissory notes; and, indeed, it incidentally appeared in this case that D. C. Miller had frequently given promissory notes. Appellant offered to prove that, as administrator, he obtained a judgment by confession against Harrison Miller upon a note dated one day prior to the date of the note in suit, which was payable to the order of D. C. Miller one year after date and which was for the sum of $560 and interest, and offered in evidence a bill in equity filed by appellant against Harrison Miller and his wife to set aside an alleged fraudulent conveyance made by Harrison Miller to his wife, and also offered in evidence the answer of Harrison Miller and his wife to that bill. We are of opinion that the court properly sustained objections to this proposed proof as well as to an offer to prove certain things that Harrison Miller had said concerning said last mentioned note and his financial

relations with his uncle, D. C. Miller. None of this was competent against appellees, who purchased the note in suit long before maturity for value and were not claimed to have had any prior notice of these matters.

Appellees introduced in evidence the same testimony as in Gen. No. 5,327 of a conversation with Loren B. Miller and his brother, Clark C. Miller, concerning this note at a time when the note was present, and of the silence of said Loren B. Miller and Clark C. Miller when asked if the note was all right. The present record shows that Loren B. Miller was at that time administrator, a fact not shown in the other suit. Regardless of the question whether evidence of the language or conduct of the administrator was competent, it is clear that nothing said or done or omitted to be done by Clark C. Miller, one of the eight or nine heirs at law of D. C. Miller, deceased, could bind or prejudice the estate in any way. Instruction No. 9, requested by appellant and refused, was confined to Clark C. Miller and by it the court was requested to charge the jury that the failure of Clark C. Miller to answer the question should not influence their verdict. In our opinion it was error to refuse this instruction. Appellant requested the court to instruct the jury that if the evidence on the question whether the note was executed by D. C. Miller was evenly balanced or preponderated in favor of the administrator, "Then you should find the issues for the defendant, Loren B. Miller, administrator." The court expunged the word "should" and inserted the word "may," so that it read "then you may find the issues for the defendant, Loren B. Miller, administrator," and gave the instruction in that form. The affidavit filed by the administrator with his plea of the general issue placed upon appellees the burden of proving the execution of this note. Appellant was entitled to an instruction that if the evidence was evenly balanced upon that subject, then it was the duty of the jury to find the issue for the administrator. The instruction as requested contained that direction. The court struck out the mandatory word and inserted another which in its literal meaning only said that in the case stated the

jury were at liberty to find the issues for the administrator. No instruction was given which took the place of this or which directed the jury to find a verdict for the administrator if the evidence as to the execution of the note by D. C. Miller was evenly balanced. Indeed, this error was somewhat emphasized by the instruction given by the court of its own motion as to the form of a verdict for the administrator. It began, "If you find that the signature on the note in question is not the genuine signature of D. C. Miller, then the form of your verdict may be," etc. It did not tell the jury what the form of their verdict should be if they found the evidence evenly balanced on the question whether the signature was or was not the genuine signature of D. C. Miller. Under some conditions of proof this error in modifying appellant's instruction might not justify a reversal, but here not only did the expert testify that from many examinations of the signature of D. C. Miller to this note under glasses of different magnifying powers he concluded that it was made by a tracing over some other signature, but also one of appellees' witnesses, called to prove the signature of D. C. Miller to this note, testified that in his opinion it was not the signature of D. C. Miller. Some other of appellees' witnesses were not very positive in identifying the signature. In this state of the evidence we are of opinion that it was important to appellant to have the instruction above mentioned given without modification and to have the jury thereby told that if the evidence was evenly balanced upon the question whether the note in suit was executed by D. C. Miller, then they should find the issues for the administrator.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*